FILED
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MAR - 4 2026

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | BY |
| | § | DEPUTY_____ |
| | § | NO. 1:26-CR 2̲7 |
| v. | § | |
| | § | Judge _Crone-Hawthorn_ |
| OMAR NIETO (1) and | § | |
| GERARDO RODRIGUEZ (2) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

> Violation: 18 U.S.C. § 933(a)(1) & (a)(3) (Conspire to traffick in firearms)

From in or about November 2025, and continuously thereafter up to and including February 18, 2026, in the Eastern District of Texas, the defendants, **Omar Nieto**, did knowingly conspire and agree with persons known and unknown to the grand jurors to ship, transport, transfer, cause to be transported, or otherwise dispose of a firearm, to-wit: machine conversion devices commonly referenced to as "Glock switches" or "switches" to another person, namely, **Gerardo Rodriguez** in or otherwise affecting interstate and foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by **Gerardo Rodriguez** would constitute a felony, as defined in section 932(a)(3), in violation of 18 U.S.C. (a)(1).

In violation of 18 U.S.C. §§ 933(a)(1) & (a)(3).

Indictment
Page 1

## Count Two

Violation: 18 U.S.C. § 922(o)
(Possession of a machine gun)

On or about December 30, 2025, in the Eastern District of Texas, the defendants, **Omar Nieto** and **Gerardo Rodriguez**, aided and abetted by each other, did knowingly possess a machinegun, namely, machinegun conversion devices, commonly referred to as "Glock switches", or "switches", which are designed and intended solely and exclusively for use in converting a semi-automatic weapon that can shoot automatically more than one shot without manual reloading, by a single function of the trigger.

In violation of 18 U.S.C. §§ 922(o) and 2.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Firearms Forfeiture Allegation

(18 U.S.C. § 924(d)(1), 18 U.S.C. 934(a)(1)(B), & 28 U.S.C. § 2461(c))

1.    The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. 934(a)(1)(B), and 28 U.S.C. § 2461(c).

2.    Upon conviction of the offense in violations of 18 U.S.C. §§ 933(a)(1) & (3) and 922(o) as set forth in Counts One and Two of this Indictment, the defendants, **Omar Neito** and **Gerardo Rodriguez**, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. 934(a)(1)(B), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense including, but not limited to:

Indictment
Page 2

    a. Glock switches and

    b. AR sears

3.    If any of the property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. 934(a)(1)(B), and 28 U.S.C. §2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JAY R. COMBS
UNITED STATES ATTORNEY

_____
REYNALDO P. MORIN
Assistant United States Attorney

_____
March 4, 2026
Date

Indictment
Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | NO. 1:26-CR 27 |
| v. | § § | Judge |
| OMAR NIETO (1) and GERARDO RODRIGUEZ (2) | § § | |

## NOTICE OF PENALTY

### Count One

Violation:       18 U.S.C. §§ 933(a)(1) & (a)(3).

Penalty:        Imprisonment of not more than fifteen (15) years; a fine not to exceed $250,000, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

Special Assessment: $ 100.00

### Count Two

Violation:       18 U.S.C. § 922(o)

Penalty:        Not more than 10 years, a fine not to exceed $250,000 or twice the value of the property involved in the transaction, whichever is greater, and supervised release of not more than at 3 years.

Special Assessment: $ 100.00

Notice of Penalty
Page 1